Welch, C. J.
It seems to me there is really but one question in this case—namely, the question whether the court erred in admitting the parol testimony objected to. If this testimony was competent, I think it follows that the charge of the court was proper, and that the verdict, to say the least, is not so clearly against the evidence as to justify a court in setting it aside. The real question is whether the language of the will, when applied to its subject-matter, is legitimately and fairly applicable as well to one *612 of two several subjects as to tbe other. If it is, then parol evidence was competent to show in which of the two senses the language was used by the testator; and this becomes, as the court substantially instructed the jury, the real question for them to decide.
Is the language of the will, “ the whole of my home farm, where I now reside,” legitimately and fairly applicable as well to the 150 acres as to the whole 490 acres. . The words, “the whole of” may be eliminated as having no significance, for the reason that they are the initial words in the description of every other parcel of real estate mentioned in the will, and are therefore mere words of form. So also of the words “ where I now reside ; ” prima facie they are but a repetition of the idea contained in the word “ home.” My “ home ” farm, prima facie, is the farm “ where I now reside.” So that the simple question is, are the words “ my home farm” legally and reasonably applicable, in the light of all the circumstances, as well to the 150-acre tract alone as to the whole 490 acres ?
As words of mere description, they are not, but as a name of the thing intended, I think they are. The fact that they may be understood equally as words of description, or as a mere name, is the real ambiguity. The parol evidence tends to show that they were used in the latter sense, and this not by showing in which of the two senses the testator actually used the words at the time of making the will, but by showing how he had formerly and habitually used them. It is said that all names were originally descriptions. In some cases they continue to be used both as names • and as descriptions, but in most cases the use of them as names is continued long after they have ceased to be accurate descriptions. This parol evidence tended to show that such was the case here. Indeed the words themselves strongly indicate thÍ3. The words “ where I now reside ” seexn to show that the testator understood the word “home” as designating a, former, equally as a present residence. If this be so, it is but natural to conclude that he might have used the word “ farm ” as designating what was formerly a *613 farm, although now in strictness constituting only part of a farm. , There had been, admittedly, two farms, and, if this oral evidence is to be believed, they had acquired names—the “Home farm” and the “Jo. Boyd farm”— and by these names they had long been known and designated by the testator, both before and after they were managed as one, and down to the time of his death. Under such circumstances, it seems to a majority of us that the court was right in admitting the testimony, and leaving it to the jury, as the court substantially did, to say whether the words “home farm” were used in their old sense,as a mere name of the old homestead, or were used as words pf .strict technical description. In 1833, when the two farms came under one management, having acquired distinctive names, by which they were designated and known for many years, it was quite natural, and we think a legitimate use of the terms, to continue to designate them by those names after they became united. We believe that people ordinarily would do so under similar circumstances. It is true that when a man comes to making his will, he is presumed to use language-with more caution, and better to weigh his words than when in the ordinary transactions of life; but when we reflect that this disposition of the testator’s property was made to those who resided upon it, and must have been familiar with the names by which it was called and known, we are unable to say, with any degree of certainty, that the jury were not right in their conclusion.

Judgment affirmed.

Gilmore and McIlvaine, JJ., concurred.